IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                    )<br>                    Plaintiff,           )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>COYETT DEON JOHNSON,         )<br>                                                    )<br>                    Defendant.      ) | Case No. CR-96-80-L<br>Case No. CIV-05-389-L |

## O R D E R

On May 7, 1996, a federal grand jury returned a three-count indictment against defendant, charging him with violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 922(g)(3) and 21 U.S.C. § 841(a)(1). After a jury found defendant guilty on all three counts, the court sentenced defendant to 237 months imprisonment pursuant to the enhanced penalty provisions of 18 U.S.C. § 924(e)(1). The Court of Appeals for the Tenth Circuit affirmed defendant's convictions on Counts 1 and 3, but remanded to this court to vacate defendant's conviction on Count 2, finding that it was multiplicitous. United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997), *cert. denied*, 525 U.S. 829 (1998). The Court, however, affirmed defendant's sentence. Id. at 1431. Thereafter, defendant filed a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. On May 31, 2000, the court denied defendant's motion and the Court of Appeals affirmed.

1

On September 15, 2003, defendant filed a Motion to Dismiss Indictment for Lack of Subject Matter Jurisdiction.  The court found the Motion to Dismiss, as well as the supplement defendant filed on September 24, 2003, to be a second or successive habeas petition.  The court therefore transferred the motion and the supplement to the Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.  On November 12, 2003, the Court of Appeals denied authorization to file another motion pursuant to 28 U.S.C. § 2255.  Johnson v. United States, Case No. 03-6253 (10th Cir. Nov. 12, 2003).  On April 15, 2004, defendant filed a Motion for Modification of Term 235 to 293 Months Sentence of Imprisonment Due to District Courts Erroneous Application of United States Sentencing Guidelines § 4A1.1(b), 4A1.2(d)(2), 4B1.1 and 4B1.4 Under Amendment 506 (1998) Retroactively Effective Pursuant to Title 18 U.S.C. § 3582(c)(2), portions of which the court determined must be treated as a second or successive habeas petition.  The court thus directed that the motion be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631. A review of the Court of Appeals' docket sheet reveals that the appellate proceeding was dismissed on March 21, 2005, although this court did not receive notice of that decision.

On April 7, 2005, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In this motion, defendant contends that his sentence was imposed in violation of the United States Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004) and United

States v. Booker, 125 S. Ct. 738 (2005).  Defendant's motion clearly constitutes a second or successive habeas petition.  Pursuant to the Antiterrorism and Effective Death Penalty Act, authorization must be obtained from the Court of Appeals for the Tenth Circuit before defendant may file a second or successive motion pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2244(b)(3)(A).  When a second or successive motion for relief pursuant to 28 U.S.C. § 2255 is filed in this court, the motion should be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1]  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).  The Clerk of the Court is therefore directed to transfer defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 142), together with the Motion Requesting Review and Reconsideration of Initial Pleadings (Doc. No. 143), to the Court of Appeals for the Tenth Circuit for consideration pursuant to 28 U.S.C. § 2244(b)(3)(A).

It is so ordered this 11th day of October, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[1]The court is mindful that the Court of Appeals has expressly held the rule announced in United States v. Booker, 125 S. Ct. 738 (2005), does not apply retroactively to criminal cases that became final before January 12, 2005.  See United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005).  As defendant's case was final more than six years before the Supreme Court's pronouncement in Booker, his claims will fail on the merits.  Nonetheless, the court feels constrained to follow the Circuit's procedural rules for second or successive habeas petitions as it implicates this court's jurisdiction.